Comstock, J.
As the counsel for the plaintiff in error has insisted so we concede that an indictment for selling unwholesome provisions must charge that the article was sold for consumption as food for man. But the rule does not demand any precise form of words. It is enough if the language used fairly and intelligibly expresses that idea. In this case the indictment alleges that the plaintiff in error knowingly, &c., “sold to divers citizens five hundred pounds of beef as good and wholesome beef and food.”- It then charges that the beef was unwholesome and not fit to be eaten by man. It is a fair interpretation of this language to consider it as alleging that the beef was sold to the citizens to be eaten by them. We think the indictment was sufficient.
The jury were charged at the trial that if the animal was diseased, if the disease was known to the accused, and the nature and tendency of it were such as to taint and affe.ct the flesh of the entire animal in any degree, although the taint was imperceptible to the senses, and although the eating of the flesh produced no apparent injury to those who ate it, still as the probable consequence of eating the flesh of diseased animals might be highly injurious, the accused was guilty of the offence set out in the indictment. To this charge there was a general exception; and in the argument before us it has been insisted that the charge was erroneous because it left the jury at- liberty to find the defendant guilty if he knew of the disease although he might not know that the flesh of the animal was so affected thereby as to render it unfit for food. I do not think that the exception raised any such question. Looking at the form of the charge, I infer that the point intended to 'be reached by the exception was the one embraced in the words “although the taint be imperceptible to the senses, and although the eating of the flesh produced no apparent injury,” &c. In this particular the instruction was correct. The offence was the selling of diseased flesh for food, and in proving that such an offence had been committed it was not indispensable to show that the taint could be perceived by the senses, or that bad effects-had been developed in the use of the food.
*581 The judge was requested to charge the jury in accordance with three propositions submitted by the counsel for the accused. He refused to do so and there was a general exception to that refusal. It is well settled that such an exception to be available must be good as to all the matter embraced within it. Looking at the three propositions, one of them asserted that in order to convict the defendant of the offence charged he must be shown to be a person of skill in .order to have a guilty knowledge that the disease which the animal had would render her flesh unwholesome for food. Without undertaking to say whether this might not be sound doctrine in some conceivable case, we are clearly of opinion that it was not in the case which was upon trial. Taking into view the facts as they were proved it certainly required no scientific skill in order to form a proper judgment as to the quality of the flesh which the defendant put into the market. The subject belonged to the common observation of mankind and not to experts alone. It is unnecessary to examine the other points embraced in the request to charge. The judge not being bound to instruct as requested in this particular the exception wholly falls to the ground.
All the judges concurring,
Judgment affirmed.